Ware *v.* Lippincott.

# ADAM P. WARE

*v.*

# WILLIAM C. LIPPINCOTT et al.

E., in his lifetime, sold a lot of land to W., received $100 cash on account, and agreed in writing that when the deed was delivered W. should give his note for "$58 additional." E. died, and his heirs refused to convey upon tender of W.'s note for $58, claiming interest thereon also.—*Held*, that interest flowed from the note, not from the contract to convey, and that as E. in his lifetime had neither obtained nor demanded the note, *he* could not have required interest, and that his heirs stand in no better position.

On appeal from a decree advised by Vice-Chancellor Bird, who filed the following conclusions :

In December, 1865, Evans agreed to convey a tract of woodland to Ware for $158. Ware paid $100 of the purchase-money, and took a receipt therefor from Evans in these words :

NOTE.—As a general rule, interest is not payable until the principal on which it is to be paid is actually due, *Roberts* v. *Monsell*, 10 Md. 32; *Shoolbred* v. *Elliott*, 1 Brev. 423 ; *Evans* v. *Beckwith*, 37 Vt. 285; *Lake Shore R. R. Co.* v. *Michigan*, 46 Mich. 193 ; *Buchanan* v. *Leeright*, 1 Hen. & M. 211; *Second Street*, 66 Pa. St. 132; see *Parke* v. *Foster*, 26 Ga. 465.

Where a land contract is silent as to interest, it is not demandable so long as the vendee is not in default, *Allen* v. *Atkinson*, 21 Mich. 351; *Shaw* v. *Wilkins*, 8 Humph. 647; see *Wilson* v. *Spencer*, 11 Leigh 261; *Oliver* v. *Hallam*, 1 Gratt. 298.

Interest is not recoverable from a vendee not in possession, *Tyson* v. *Passmore*, 2 Pa. St. 122; *Wilhite* v. *Roberts*, 4 Dana 172.

If the delay in perfecting the title to lands sold is caused by the vendor, who retains possession, the purchaser may elect to take the rents and profits from the time when the contract ought to have been fulfilled, and to pay the interest on the purchase-money, *Dias* v. *Glover*, Hoffm. 71; see *Kester* v. *Rockel*, 2 Watts & Serg. 365; *Hundley* v. *Lyons*, 5 Munf. 342; *Selleck* v. *Tallman*, 11 Daly 141; *Steenrod* v. *Wheeling R. R. Co.*, 27 W. Va. 1; *Bostwick* v. *Beach*, 103 N. Y. 414.

In *Hodges* v. *Holeman*, 2 Dana 396, a note was payable when the payee should have removed certain specified encumbrances.—*Held*, that not only such removal, but notice thereof to the payer, was indispensable to a recovery on the note.

Ware *v.* Lippincott.

"Received, 12 mo., 13th, 1865, of Adam P. Ware, one hundred dollars, on account of a lot of land sold him; the deed to be hereafter made to him, and. when delivered he is to give his note for $58 additional."

Ware was let into possession, and he cut and sold off all the timber. He has remained in the possession ever since. Evans died in 1879, at which time no deed had been delivered, nor had any tender been made of the note for the $58. In 1884 the heirs-at-law of Evans commenced an action of ejectment against Ware for the recovery of the possession of this land. To restrain this action, Ware filed this bill, and asks for the specific performance of the agreement to convey.

The defendants insist, that Ware is not properly in court, because he did not make a tender of his note, nor of the amount due, before filing the bill. The complainant insists, that he was not obliged to make any such tender. The complainant rests this view upon the language of the receipt above quoted, which says, "deed to be hereafter delivered to him, and *when* delivered he is to give his note for $58;" laying great stress upon the word "when," and urging that the use of that word imposed the

But where the information is equally ascertainable by either party, such notice is not requisite, *Troubat* v. *Hunter,* 5 *Rawle 257; Cummings* v. *Howard,* 63 *Cal. 503.*

In *Meriwether* v. *Lewis,* 9 *B. Mon. 169,* the parties to a deed for land stipulated to pay for a deficiency or.excess in quantity at a specified price per acre. —*Held,* that it was not the duty of one more than the other to ascertain the true number of acres, and that no interest would follow until such excess or deficiency had been ascertained; and so, also, as to encumbrances, *Hampton* v. *Eigleberger,* 2 *Bail. 520;* and see *Bailey* v. *James,* 11 *Gratt. 468.*

In *Wells* v. *Abernethy,* 5 *Conn. 222,* the plaintiff agreed to give defendant a warrantee deed of certain lands in consideration of defendant's giving him a deed for other lands.—*Held,* that interest could not be allowed for breach thereof until demand by the plaintiff, succeeded by defendant's non-performance. See *Pillow* v. *Brown,* 26 *Ark. 240.*

In *Fredenburg* v. *Turner,* 37 *Mich. 402,* a saw-mill was conveyed to the defendant, who gave therefor a note, payable in sawing and lumber at the saw-mill, in four equal annual payments.—*Held,* that the payee could not recover the amount of an installment and interest if he had failed to deliver his lumber at the mill to be sawed during the year. See *Need* v. *Kreigbaum,* 5 *J. J. Marsh. 309.*—REP.

·duty of tendering the deed upon the vendor or his heirs before the vendee could be considered in default, or required to take any steps in the cause before bringing his suit; notwithstanding he was, and had been for years, in full possession of the premises ·under the agreement, and had enjoyed all the profits.

In the first place, I think the complainant is in error as to his ·equitable rights. As I understand the equitable principles which .govern in such cases, it was the duty of the vendee to tender his note for the amount of principal and interest, or so much in cash, ·before filing his bill. See *Waterm. Spec. Perf.* § *438.* The party asking the aid of a court of equity must not only aver his willingness to perform, but must show a demand on the defend-·ant, and an offer or tender of performance before bringing his ·suit. *Hartley* v. *James, 50 N. Y. 38, 42, 43.* He who demands .performance must tender performance. The obligations are mutual and concurrent. The complainant must have felt the force of the above consideration, for, before bringing his suit, he made tender of his note for $58. But, in my judgment, this ·tender of a note for only $58 does not satisfy the law after a lapse of twenty years, during all of which period the complainant ·has been in possession, and enjoyed the rents and profits.

In the second place, I think the complainant is in error in his ·effort to enforce the notion that the language of the receipt made it the duty of the vendor to tender the deed before the vendee ·could be in default. Independently of any acts of the parties showing what they regarded their respective rights and duties to ibe, the word " when " creates or imposes no obligation upon the ·one more than upon the other. It only signifies, at the time of the delivery, the note shall be given. But the conduct of the parties oftentimes indicates whether the contention of the one or the other may not be against equity. Of this we have the proof in this case. The evidence shows that the vendor prepared the deed for the premises, and wrote upon it, " To be delivered when paid for;" and that the vendee drove a distance of about ten miles, on two or three occasions, to the house of the vendor, for the express purpose of tendering his note and demanding the ·deed; succeeded in learning that the deed was executed, and in

-seeing it, but not in securing the possession of it, because the vendor was not at home on either of these occasions.

When a sale is effected, the vendor holds the land for the benefit of the vendee, and must account to him for the rents and profits; and the vendee holds the purchase-money for the benefit of the vendor, and must account to him for the interest. *Waterm. Spec. Perf.* § *519; Haughwout* v. *Murphy, 7 C. E. Gr. 531, 544.* "In a word, the estate and the purchase-money are things mutually exclusive, and neither party can, at the same time, be entitled to the enjoyment of both." *Fry Spec. Perf.* *377.*

If I am right in these views, the bill should be dismissed, with costs.

*Mr. John W. Wescott,* for the appellant.

*Mr. Peter L. Voorhees,* for the respondents.

The opinion of the court was delivered by

GARRISON, J.

In 1865 Adam P. Ware, the complainant, bought of Ezra Evans a lot of ground for $158. Ware paid $100 on account, entered into possession by Evans's consent, and received from him a written memorandum in these words:

"Received 12th mo., 13th, 1865, of Adam P. Ware, one hundred dollars, on account of a lot of land sold him; the deed to be hereafter made to him, and when delivered he is to give his note for fifty-eight dollars additional.
(Signed,)                                    "EZRA EVANS."

This was in 1865. In 1880, nearly fifteen years later, Evans died, the deed not having been delivered nor the note demanded. On the 4th day of March, 1882, Ware transmitted to the defendants, who are the heirs-at-law of Evans, his promissory note for $58. They not only refused to accept the note and deliver the deed, but, on the contrary, began an action of ejectment against Ware for the land. Ware thereupon filed this bill to enjoin the prosecution of the suit at law, as well as for the specific per-

formance of the contract into which in his lifetime Evans had entered.

There is in the case thus presented a single question, viz.: Had the defendants a right to demand from Ware, before they would deliver to him his deed, anything more than his note for $58 ? They certainly could not require of him more than Evans could have done, if alive. Evans, at any period prior to his death, would have been compelled to make a deed upon Ware's tender to him of his note for $58. Evans could not have required interest on that sum. Interest was an incident not of the contract of sale but of the note. The note had no existence in fact because it had not been obtained, and none in equity because it had not been demanded. Evans in his lifetime had it in his power to fix a period when interest should begin to run, either by obtaining or demanding the note from Ware. He died, not having done either. His heirs now seek, in his name, to do what he himself, if living, could not have done. This cannot be. The representative stream cannot rise higher than its ancestral source.

The defendants should have delivered to Ware his deed upon his tender of a note of the amount mentioned in their ancestor's agreement to convey.

The decree of the court of chancery must be reversed, and a decree made in accordance with these views.

*Decree unanimously reversed.*